UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUTHER BURRAGE, #294966,

        Petitioner,

                                      CASE NO. 2:10-CV-14748
v.                                    HONORABLE STEPHEN J. MURPHY

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Luther Burrage, a Michigan prisoner currently confined at the Carson City Correctional Facility in Carson City, Michigan, asserts that he is being held in violation of his constitutional rights. The state convicted Burrage of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, intentionally discharging a firearm at a dwelling or occupied structure, Mich. Comp. Laws § 750.234b, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Genesee County Circuit Court in 2008. The trial court judge sentenced him to two years, five months to ten years imprisonment on the assault conviction; a concurrent term of ten months to eight years imprisonment on the discharge conviction; a concurrent term of one year, two months to ten years imprisonment on the felon-in-possession conviction; and a consecutive term of two years

1

imprisonment on the felony-firearm conviction.

Following his convictions and sentencing, Burrage filed an appeal of right with the Michigan Court of Appeals, which ultimately affirmed his convictions. *See People v. Burrage*, No. 290306, 2010 WL 1979295 (Mich. Ct. App. May 18, 2010). Burrage states that he filed an application for leave to appeal with the Michigan Supreme Court on or about November 15, 2010, but does not explain the outcome. The Michigan Court of Appeals docket indicates that his application was rejected as untimely because he did not seek leave to appeal with the Michigan Supreme Court within 56 days of the Michigan Court of Appeals' decision. *See* Docket Entry No. 62, *People v. Burrage*, No. 29036 (Mich. Ct. App. Nov. 19, 2010).[1]

Burrage's habeas petition raises claims of juror misconduct, ineffective assistance, and the sufficiency of the evidence used to convict him. For the reasons set forth below, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

II.     Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.

---

[1] This docket can be accessed by searching the Michigan Court of Appeals' website at http://coa.courts.mi.gov/resources/public_pni.htm.

1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court in order to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Burrage has not met his burden of demonstrating exhaustion of state court remedies. He has not fully exhausted the claims presented in his habeas petition in the state courts by properly presenting them to the Michigan Supreme Court. Petitioner has an available state-court remedy to challenge his convictions which must be exhausted before he seeks federal habeas review. For example, he may file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 with the state trial court, and then pursue his claims through the state appellate courts as necessary.

Federal habeas law provides that a petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to

which they are entitled. The state courts must first be given a fair opportunity to rule upon each of Burrage's habeas claims. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254. Therefore, the Court concludes that Burrage has not fully exhausted his state court remedies. Accordingly, the Court will dismiss, without prejudice, the petition for a writ of habeas corpus.

Before Burrage may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that reasonable jurists would not find this procedural holding debatable, and will deny a certificate of appealability.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Burrage's petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. The Court makes no determination on the substantive merit of Burrage's claims.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability to Burrage.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 20, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 20, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager